**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

ERIC D. SAHM, SR.,

                                             Plaintiff,

       v.                                              6:13-CV-1182
                                                                  (GTS/ATB)

PARADISE MOUNTAIN MOBILE HOME
PARK and VANDERBUILT MORTAGE CO..,

                                             Defendants.
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

ERIC D. SAHM, SR.
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

     The Clerk has sent to the court complaint, filed by pro se plaintiff, Eric D. Sahm, Sr., written on a form used for civil rights actions under 42 U.S.C. § 1983, and transferred to this district from the Western District of New York. (Compl./Trans. Order) (Dkt. Nos. 1, 6). Plaintiff has also filed a motion to proceed in forma pauperis ("IFP") (Dkt. No. 5).

**I.    IFP Application**

     A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). This court agrees, and finds that plaintiff is financially eligible for IFP status.

     In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp*., 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp*., 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. Complaint

Plaintiff alleges that in July of 2011, he and his family were illegally evicted from their mobile home, located in defendant Paradise Mountain Mobile Home Park ("Paradise"). (Compl.; First Claim at p.5). Plaintiff claims that defendant Paradise broke into his home; confiscated his animals; boarded up the doors and windows; told him that his family was not allowed into the park; and prevented him from retrieving any of his property. Plaintiff also alleges that defendant Vanderbuilt Mortgage Company ("Vanderbuilt") foreclosed on his mobile home without serving him with any papers and without any court proceedings.

Plaintiff claims that he is bringing this action under 42 U.S.C. § 1983 for violations of his Fourth, Fifth, and Fourteenth Amendment rights. He claims violations of "due process;" "search & seizure," and "equal protection." (Compl. First Claim and Second Claim at pp.5-6). Plaintiff seeks a substantial amount of monetary damages. (*Id.* at p.6).

## III. Jurisdiction

### A. Legal Standards

Subject matter jurisdiction can never be waived or forfeited. *ACCD Global Agriculture, Inc. v. Perry*, No. 12 Civ. 6286, 2013 WL 840706, at *1 (S.D.N.Y. March 1, 2013) (quoting *Dumann Realty, LLC v. Faust,* No. 09 Civ. 7651, 2013 WL 30672, at *1 (S.D.N.Y. Jan. 3, 2013) (citing *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012); *Henderson ex rel. Henderson v. Shinseki*, __ U.S. __, 131 S. Ct. 1197, 1202 (2011)). Federal courts are mandated to sua sponte examine their own

jurisdiction at every stage of the litigation. *Id.*

Plaintiff is pro se, and the court must interpret plaintiff's complaint liberally. *Sealed Plaintiff v. Sealed Defendants*, 537 F.3d 185, 191 (2d Cir. 2008). The court considers all possible grounds for relief that petitioner could be raising. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se papers are interpreted liberally to raise the strongest arguments suggested therein). Thus, the court will consider all possible bases for plaintiff's assertion of jurisdiction in addition to the statute that he cites in his complaint.

### 1. Federal Question Jurisdiction

Federal question jurisdiction pursuant to 28 U.S.C. § 1331 provides a basis for jurisdiction when the plaintiff brings a civil action that arises "under the Constitution, laws, or treaties of the United States." 28 U.S. C. § 1331. Plaintiff has cited section 1983 as a basis for his action, and he alleges that defendants have violated his rights under the Fourth, Fifth, and Fourteenth Amendments, including Due Process and Equal Protection violations.[1] (Compl. at p.5). To state a claim under section 1983, the plaintiff must allege both that the defendant has violated plaintiff's rights under either the Constitution or laws of the United States and that the defendant acted "under color of state law." *Rae v. City of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010); 42 U.S.C. § 1983.

A person acts under color of state law when he or she acts in his or her official

---

[1] The form-complaint specifically asks the "constitutional basis for this claim under 42 U.S.C. § 1983. (Compl. at p.5).

4

capacity "clothed with the authority of state law," or acts under "pretense" of law by purporting to act with official power. *Pleasure Island, Inc. v. City of New York*, No. 12 Civ. 4699, 2013 WL 2311837, at *5-6 (E.D.N.Y. May 24, 2013) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)). The requirement that the defendant acted under "color of state law" is jurisdictional. *Lucas v. Riggi*, No. 07-CV-6200, 2008 WL 4758706, at *2 (W.D.N.Y. Oct. 29, 2008) (citing *Polk County v. Dodson*, 454 U.S. 312, 315 (1981)). Private conduct is simply beyond the reach of section 1983 "'no matter how discriminatory or wrongful" that conduct may be." *Id.* (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)).

A private party may act under color of state law if he or she engages in conduct that constitutes willful participation in joint activity with the state. *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (per curiam). The nexus to the state must be so close as to be fairly treated as that of the state itself. *Tancredi v. Metro Life Ins. Co.,* 316 F.3d 308, 312 (2d Cir. 2003) (citations omitted). In this case, plaintiff has named only private actors. Paradise is a mobile home park, and although plaintiff mentions an individual named Frank Lucisanno, this individual also appears to be a private actor. Vanderbuilt appears to be a Tennessee mortgage company, and plaintiff does not make any claim that Vanderbuilt is a state entity. Plaintiff makes no allegation that either Paradise or Vanderbuilt have acted under color of state law for purposes of the statute, nor does it appear from the complaint that either defendant acted in concert with the state to effect the deprivations he claims. Thus, plaintiff does not state a claim under section 1983.

5

### 2. Diversity

Because plaintiff is pro se, and may not understand the possible bases for jurisdiction in federal court, this court will also analyze whether there is any other basis by which plaintiff may assert his claims in this lawsuit. Diversity jurisdiction is defined in 28 U.S.C. § 1332. The relevant section of the statute provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between "citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332(a)(2). A party asserting diversity jurisdiction must assert "complete" diversity in the complaint. *Aleph Towers, LLC v. Ambit Texas, LLC*, No. 12-CV3488, 2013 WL 4517278, at *3 (E.D.N.Y. Aug. 23, 2013). Complete diversity means that all defendants must be of diverse citizenship to plaintiff. *Cushing v. Moore*, 970 F.2d 1103, 1106 (2d Cir. 1992) (complete diversity required between all plaintiffs and all defendants).

The court would first note that although plaintiff alleges several hundred thousand dollars in damages, he states that the mobile home in question was worth $40,000.00. (Compl. at p.6). Even assuming that plaintiff meets the amount in controversy requirement, he cannot meet the complete diversity requirement. Although it appears from the complaint that Vanderbuilt may be a Tennessee company, Paradise appears to be a New York State entity, and plaintiff appears to have been a New York citizen at the time of the conduct at issue. *See Poucher v. Intercounty Appliance Corp.*, 336 F. Supp. 2d 251, 253-54 (E.D.N.Y. 2004) (inmate

retains his preincarceration domicile). Thus, plaintiff may not bring this case as a diversity action. There appears to be no other basis for bringing this eviction and foreclosure action in federal court.[2]

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP is **GRANTED FOR PURPOSES OF FILING ALONE**, and it is

**RECOMMENDED**, that this action be **DISMISSED IN ITS ENTIRETY**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **fourteen (14) days** within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), & 6(e).

Dated: September 24, 2013

Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

[2] There is a statute, entitled Protecting Tenants at Foreclosure Act of 2009, Pub. L. No. 111-22, 123 Stat. 1632, 1660-61 (2009). The statute provides for 90 days notice to tenants to vacate a property subject to foreclosure. Courts have concluded that this statute does not create a private right of action in federal court. *Felix v. Gotham Real Estate Corp.*, No. 2012 WL 4563097, at *2-3 (E.D.N.Y. Oct. 2, 2012) (citations omitted). Thus, even if plaintiff could show that he was protected by the statute, a fact that this court does not find, he would have no private right of action for its violation.