UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERIC D. SAHM, SR.,

                    Plaintiff,

v.                                                          6:13-CV-1182
                                                              (GTS/ATB)

PARADISE MOUNTAIN MOBILE
HOME PARK; and VANDERBUILT
MORTAGE COMPANY,

                    Defendants.
_____

APPEARANCES:                                               OF COUNSEL:

ERIC D. SAHM, SR., 12-B-1431
  Plaintiff, *Pro Se*
Marcy Correctional Facility
Box 3600
Marcy, New York 13403

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Eric D. Sahm, Sr. ("Plaintiff") against the two above-captioned Defendants, is United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that Plaintiff's Complaint be sua sponte dismissed for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Dkt. No. 8.) Plaintiff has filed an Objection to the Report-Recommendation. (Dkt. No. 9.) In addition, he has filed a motion for the appointment of counsel. (Dkt. No. 10.)

      Plaintiff's Objection specifically challenges only one portion of Magistrate Judge Baxter's Report-Recommendation: Magistrate Judge Baxter's implicit recommendation that

Plaintiff's Complaint be dismissed with prejudice. (Dkt. No. 9.) Plaintiff has submitted no specific challenge to the remainder of the Report-Recommendation. (*Id*.)

When *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. Here, after carefully reviewing the relevant filings in this action, the Court can find no error in the remainder of the Report-Recommendation: Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the remainder of the Report-Recommendation for the reasons stated therein. (Dkt. No. 8.)

As for Magistrate Judge Baxter's implicit recommendation that Plaintiff's Complaint be dismissed with prejudice, both Magistrate Judge Baxter and the undersigned have liberally construed Plaintiff's Complaint with the utmost of special liberality, and concluded that he has failed to allege facts plausibly suggesting an actionable claim against Defendants. Moreover, while Plaintiff conclusorily requests that the Court dismiss his Complaint only without prejudice, he makes no effort to describe what claim he might plausibly file in the future. (Dkt. No. 9.)

Under the circumstances, it would make little sense–and indeed it would result in a waste of judicial resources–to permit Plaintiff to try again to replead his Section 1983 claims in another court, or claims based on diversity jurisdiction in a federal court, arising from the transaction or occurrence giving rise to the Complaint. *See Winters v. Alza Corp.*, 690 F. Supp.2d 350, 357 (S.D.N.Y. 2010) ("There is an obvious logic to this result: if, in analyzing a fraudulent joinder issue, a federal court concludes that there is no legal possibility for a plaintiff to state a particular claim against a defendant, it would make little sense and would result in a waste of judicial resources to permit the plaintiff to try again in state court."). Having said that, the Court

expresses no opinion as to any state-law statutory or tort claims that Plaintiff may attempt to assert against Defendants in state court.

With regard to the somewhat-related issue of whether to grant Plaintiff leave to amend his Complaint before dismissal, the Court finds that granting Plaintiff leave to amend his Complaint before dismissal is not necessary because the defects in that Complaint are substantive rather than merely formal, rendering any amendment futile. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.") (citation omitted).

For all of these reasons, Plaintiff's Complaint is dismissed, and that the dismissal is with prejudice with regard to any claim based on 42 U.S.C. § 1983, or based on diversity jurisdiction, arising from the transaction or occurrence giving rise to the Complaint.

Finally, with regard to Plaintiff's motion for the appointment of counsel, the Court denies that motion on each of the following three alternative grounds: (1) mootness; (2) lack of documentation that substantiates his efforts to obtain counsel from the public and private sector under *Cooper v. Sargenti Co., Inc.*, 877 F.2d 170, 172, 174 (2d Cir. 1989); and (3) a careful weighing of the factors under *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 8) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the dismissal is WITH PREJUDICE with regard to any claim based on 42 U.S.C. § 1983, and/or diversity jurisdiction, arising from the transaction or occurrence giving rise to the Complaint; and it is further

**ORDERED** that Plaintiff's motion for the appointment of counsel (Dkt. No. 10) is **<u>DENIED</u>**; and it is further

**ORDERED** that the Clerk of the Court is directed to enter judgment in favor of the defendants and close this case.

<u>The Court certifies, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal taken from this Decision and Order would not be taken in good faith.</u>

Dated: December 11, 2013
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge